UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN YOLDA | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:14-cv-788 (JBA) |
| V. | : | |
| DISCOVER BANK; | : | |
| BANK OF AMERICA, N.A.; | : | |
| CITIBANK, N.A.; | : | |
| CHASE BANK USA, N.A.; | : | |
| TRANSUNION, LLC; EXPERIAN | : | |
| INFORMATION SOLUTIONS, INC; | : | |
| and EQUIFAX INC. | : | |
| Defendants | : | SEPTEMBER 24, 2014 |

**AMENDED COMPLAINT AND JURY DEMAND**

The plaintiff, John Yolda ("Plaintiff" or "Yolda"), hereby brings this complaint, upon information and belief against the defendants, Discover Bank ("Discover"), Bank of America, N.A. ("BOA"), CitiBank, N.A. ("Citi"), JPMorgan Chase, N.A. ("Chase"), Transunion, LLC ("Transunion"), Experian Information Solutions, Inc. ("Experian"), and Equifax Inc. ("Equifax").[1]

**SUMMARY AND INTRODUCTION**

As of April 2013 Yolda's business State Line Transport, LLC ("State Line") used business credit cards from Discover, BOA, Citi and Chase. State Line obtained these credit cards when representatives of the Discover, BOA, Citi and Chase called Yolda, State Line's owner, on the telephone to solicit State Line to open business credit card accounts. Yolda, on behalf of State Line, applied for, and obtained, credit cards for State Line's use. Yolda provided State Line's Internal Revenue Service provided employer identification number for purposes of

---

[1] Discover, BOA, Citi, Chase, Transunion, Experian, and Equifax are collectively referred to as "Defendants".

obtaining the credit cards.    In April 2013, Yolda was required to close State Line.  Until that time State Line had always paid the bills for its credit cards.  Thus, after April 201,3 State Line was unable to make the payments on its credit cards.

Inexplicably, Discover, BOA and Chase reported *State Line's* non-payment of debts to various credit bureaus as *personal debts of Yolda*.  The improper credit reporting by Discover, BOA and Chase were challenged and disputed by Yolda.  Specifically, Yolda challenged the negative reports on the grounds that the debts were those of State Line (a limited liability company) not him personally.  Despite the challenges, neither the credit card issuers nor the credit bureaus have investigated or corrected the errors.  Indeed, despite demand, none of the credit card issuers could even produce a credit card application (other than BOA, but the application makes clear that the credit card was issued to State Line, not Yolda personally).  Further, Discover, BOA, Chase and Citi have been attempting to collect the debt owed by State Line against Yolda, personally.

The credit card issuers improper reporting of negative information to the credit bureaus, the credit bureaus failure to rectify the problems, and debt collection efforts, Yolda's personal credit has been severely damaged.  His ability to borrow has been reduced, interest rates on loans and personal credit cards have been increased, and he has been turned down for additional credit.  Accordingly, the credit card issuers and the credit bureaus should be held liable for their misconduct and required to correct their errors.

## PARTIES

1.    At all times relevant hereto, Plaintiff was an individual with a principal place of abode in Danielson, Connecticut.

2. At all times relevant hereto, Discover was Delaware chartered bank, with a principal place of business at 2500 Lake Cook Road, Riverwoods, IL 60015. Discover transacts business within the State of Connecticut.

3. At all times relevant hereto, BOA was a federally chartered bank with a principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, NC 28255. BOA transacts business within the State of Connecticut.

4. At all times relevant hereto, Citi was a federally chartered bank with a principal place of business at 399 Park Avenue, New York, NY 10022. Citi transacts business within the State of Connecticut.

5. At all times mentioned herein, Chase was a federally chartered bank with a principal place of business at 270 Park Avenue, 38th Floor, New York, NY 10017. Chase transacts business within the State of Connecticut.

6. At all times mentioned herein, Transunion was a limited liability company with a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Transunion transacts business within the State of Connecticut.

7. At all times mentioned herein, Experian was a corporation with a principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian transacts business within the State of Connecticut.

8. At all times mentioned herein, Equifax was a corporation with a principal place of business at1550 Peachtree Street, NW, Atlanta, GA 30309. Equifax transacts business within the State of Connecticut.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over Counts One through Four pursuant to 28 U.S.C. § 1331, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d).  These claims arise under the laws and Constitution of the United States.

10. This Court has subject matter jurisdiction over Counts Five through Eight pursuant to 28 U.S.C. § 1367(a).

11. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district as "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

**GENERAL FACTUAL BACKGROUND**

12. Prior to April 2013, Yolda was the member and operator of State Line.  State Line was organized as a Connecticut limited liability company.

13. Also prior to April 2013, State Line, by and through Yolda as its member, obtained credit cards from Discover, BOA, Citi and Chase (collectively, the "Credit Card Defendants").  Copies of statements (redacted) concerning the credit cards are attached hereto as Exhibit A (the "Credit Cards").

14. Yolda applied for credit cards from the Credit Card Defendants *solely* in the name of State Line and used State Line's Employer Identification Number ("EIN") issued by the Internal Revenue Services for purposes of obtaining the credit cards.

15. Yolda did *not* apply for the credit cards in his personal name or using his social security number.

16. State Line made every payment on the credit cards through April 2013.

17. Due to certain issues concerning the Connecticut Department of Transportation, State Line ceased operating on April 23, 2014. As a result, State Line could not make the remaining payments due on the Credit Cards.

18. Also during this time frame, Yolda, who suffers from peripheral neuropathy, began to experience additional symptoms and a deterioration of his health.

19. Despite the fact that *none* of the credit cards were taken out by Yolda, in his personal name, and he was not personally liable for the debts incurred on them, Discover, BOA and Chase made negative credit reports to Transunion, Experian and Equifax (collectively, the "Credit Agency Defendants").

20. Discover, BOA and Chase reported to the Credit Agency Defendants that Yolda had *personally* defaulted on payments, which was untrue.

21. As a result of Discover's, BOA's and Chase's conduct, the Credit Agency Defendants have repeatedly and continuously reported negative credit incidents on Yolda's personal credit report.

22. Further, all of the Credit Card Defendants initiated debt collection action against Yolda, personally.

23. As a result, Yolda has been caused to suffer a reduction of his credit scores, which, in turn, caused a reduction in his borrowing ability, reduction in credit available, increase in interest rates due on credit cards and loans and caused Yolda to be turned down for new credit cards and/or loans.

24. Despite repeated demand by Yolda, the Credit Agency Defendants have refused to remove the negative reports by the Credit Card Defendants.

25. Also despite demand, Discover, BOA and Chase have refused to correct their improper and erroneous negative credit reports to the Credit Agency Defendants concerning Yolda.

26. Also, despite demand the Credit Card Defendants have failed and/or refused to cease and desist debt collection activities against Yolda personally.

### COUNT ONE: Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Against Discover, BOA and Chase

27. Paragraphs 1 through 26 of the Complaint are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

28. Discover, BOA and Chase reported derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

29. Plaintiff has, on multiple occasions, disputed the accuracy of the derogatory information reported by Discover, BOA and Chase to the Credit Agency Defendants.

30. Upon information and belief, the Credit Agency Defendants transmitted Yolda's disputes concerning the accuracy of the Credit Card Defendants reports of derogatory information about Yolda to each Credit Card Defendants.

31. Upon information and belief, the Credit Card Defendants failed to properly investigate Yolda's disputes concerning his personal liability for the alleged debts. In particular, the Credit Card Defendants failed to consider that fact that *Stateline* not Yolda had been directly solicited for *business* credit cards and that Yolda specifically informed the solicitors that he was not interested in obtaining a credit card that he would have to personally guarantee. None of the Credit Card Defendants provided Yolda with any statement or explanation of why they did not honor his dispute concerning the accuracy of the Credit Card Defendants reports of derogatory information, and correct the same.

32. Discover, BOA and Chase have not responded to Plaintiff's disputes by providing evidence of the alleged debt to Plaintiff or to the Credit Agency Defendants.

33. Indeed, Plaintiff specifically requested copies of his credit card applications – which were solicited by Discover, BOA and Chase over the phone.  Discover and Chase have stated that no application exists and have failed and/or refused to provide the application.  BOA has provided an application which demonstrates that the credit card was opened by State Line, not Yolda,  personally.

34. Further, Discover, BOA and Chase have not provided notice of Plaintiff's dispute to the credit bureaus and are, therefore, in violation of 15 U.S.C. § 1681s-2, which requires this notice.

35. Discover, BOA and Chase have failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

36. Discover, BOA and Chase have not notified Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

37. Discover, BOA and Chase conduct, acts and/or omission of reporting inaccurate and/or false information to the Credit Agency Defendants and, following notice, refusing to correct the errors, was performed in a negligent and/or willful manner.

38. As a direct and proximate result of negligent and/or willful conduct of the Discover, BOA and Chase, Plaintiff has suffered damages, including: monetary loss and emotional distress.

### COUNT TWO: Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Against Credit Card Defendants

39. Paragraphs 1 through 37 of Count One are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

40. Upon information and belief, the Credit Agency Defendants summarily dismissed Plaintiff's disputes without conducting an appropriate investigation, such as obtaining the original credit card applications and other related materials.

41. The Credit Agency Defendants have violated the FCRA in one or more of the following ways:

    a. Failing and/or refusing to investigate, change or remove incorrect data from Plaintiff's credit report;

    b. Improperly reporting negative information without a legitimate basis for doing so;

    c. Failing to assist Plaintiff with understanding his credit report and addressing the inaccurate information contained thereon;

    d. Failure and/or refusal to provide an appropriate notice of determination explaining why the negative information was not removed from Plaintiff's credit report; and

    e. Otherwise failing and/or refusing to comply with the requirements of the FCRA.

42. The Credit Agency Defendants conduct, acts and/or omission in refusing to correct inaccurate and/or false information reported by the Credit Card Defendants was performed in a negligent and/or willful manner.

43. As a direct and proximate result of negligent and/or willful conduct of the Credit Agency Defendants, Plaintiff has suffered damages, including: monetary loss and emotional distress.

### COUNT THREE: Violations of Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* Against Credit Card Defendants

[DELETED]

### COUNT FOUR: Violations of Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* Against Credit Agency Defendants

44. Paragraphs 1 through 42 of Count Two are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

45. The Credit Agency Defendants have violated the FDCPA in one or more of the following ways:

    a. Continuing to report false information to the Credit Agency Defendants after being informed that the information was false and/or disputed (specifically that the debt being reported was a debt of Yolda as opposed to State Line);

    b. Failing to Identify the debts alleged by the Credit Card Defendants as "disputed" on Plaintiff's credit report; and

    c. Otherwise failing and/or refusing to comply with the requirements of the FDCPA.

46. The Credit Card Defendants conduct, acts and/or omission in reported inaccurate and/or false information to the Credit Agency Defendants was performed in a negligent and/or willful manner.

47.     As a direct and proximate result of negligent and/or willful conduct of the Credit Card Defendants, Plaintiff has suffered damages, including: monetary loss and emotional distress.

## COUNT FIVE: Defamation of Credit
## Against Credit Card Defendants

48.     Paragraphs 1 through 37 of Count One are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

49.     The Credit Card Defendants have defamed Yolda by sending false and/or misleading information concerning Plaintiff's failure to pay alleged debts to the Credit Agency Defendants, the Credit Card Defendants published and/or caused the publication of false and misleading statements concerning Plaintiff's credit history.

50.     As a direct and proximate result of the conduct of the Credit Card Defendants, Plaintiff's credit has been defamed.

51.     As a direct and proximate result of the defamation of Plaintiff's credit, Plaintiff has been caused to suffer money damages and will, in the future, be caused to suffer money damages.

## COUNT SIX: Defamation of Credit
## Against Credit Agency Defendants

52.     Paragraphs 1 through 46 of Count Four are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

53.     By reporting, and continuing to report after dispute, false and/or misleading information concerning Plaintiff's failure to pay alleged debts, the Credit Agency Defendants published and/or caused the publication of false and misleading statements concerning Plaintiff's credit history.

54. As a direct and proximate result of the conduct of the Credit Agency Defendants, Plaintiff's credit has been defamed.

55. As a direct and proximate result of the defamation of Plaintiff's credit, Plaintiff has been caused to suffer money damages and will, in the future, be caused to suffer money damages.

## COUNT SEVEN: Unfair Trade Practice
## Against Credit Card Defendants

56. Paragraphs 1 through 50 of Count Five are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

57. At all times relevant hereto, the Credit Card Defendants were engaged in a trade or business within the meaning of Conn. Gen Stat. § 42-110b et seq., the Connecticut Unfair Trade Practices Act ("CUTPA").

58. As set forth above, the violations by the Credit Card Defendants of the FCRA and defamation of Plaintiff's credit, constitute unfair trade practices within the meaning of CUTPA because the Credit Card Defendants' conduct was immoral, unfair, unscrupulous, oppressive and unethical.

59. As a direct and proximate result of the conduct, acts and/or omissions of the Credit Card Defendants, Plaintiff has been caused to suffer and ascertainable economic loss including the reduction of credit limits, increase of interest rates and inability to borrow.

## COUNT EIGHT: Unfair Trade Practice
## Against Credit Agency Defendants

60. Paragraphs 1 through 54 of Count Six are incorporated as the corresponding paragraphs of this Count as if fully set forth herein.

61. At all times relevant hereto, the Credit Card Defendants were engaged in a trade

or business within the meaning of Conn. Gen Stat. § 42-110b et seq., the Connecticut Unfair Trade Practices Act ("CUTPA").

62. As set forth above, the violations by the Credit Card Defendants of the FCRA, FDCPA and defamation of Plaintiff's credit, constitute unfair trade practices within the meaning of CUTPA because the Credit Card Defendants' conduct was immoral, unfair, unscrupulous, oppressive and unethical.

63. As a direct and proximate result of the conduct, acts and/or omissions of the Credit Card Defendants, Plaintiff has been caused to suffer and ascertainable economic loss including the reduction of credit limits, increase of interest rates and inability to borrow.

**WHEREFORE**, Plaintiff prays for the following relief:

1. A declaration that Yolda is not personally liable for the debts to the Credit Card Defendants;

2. A permanent injunction ordering the Defendants to correct Yolda's credit reports by (a) purging all references to debts due to the Credit Card Defendants and (b) repairing his credit report accordingly;

3. Money damages;

4. Statutory fines pursuant to the FCRA;

5. Statutory fines pursuant to the FDCPA;

6. Punitive damages, pursuant to the FCRA and FDCPA;

7. Common law punitive damages, pursuant to Connecticut state law;

8. Treble damages, pursuant to CUTPA;

9. Attorneys' fees pursuant to the FCRA, FDCPA and CUTPA;

10. The costs of this action; and

11. Such other relief as the Court may deem just and equitable.

THE PLAINTIFF: John Yolda

By: /s/ Jeffrey M. Sklarz
Jeffrey M. Sklarz (ct20938)
Green & Sklarz LLC
700 State Street, Suite 304
New Haven, CT 06511
(203) 285-8545
Fax: (203) 823-4546
jsklarz@gs-lawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Date:   September 24, 2014               /s/ Jeffrey M. Sklarz