IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN YOLDA, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>DISCOVER BANK; BANK OF AMERICA, N.A.; CITIBANK, N.A.; CHASE BANK USA, N.A.; TRANSUNION, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX, INC.,<br><br>*Defendants*. | Case No. 3:14-CV-00788 (JBA)<br><br>Honorable Janet Bond Arterton |

<u>**CHASE BANK USA, N.A.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**</u>

## INTRODUCTION

Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Filed by Defendant Chase Bank USA, N.A. (Dkt. No. 64-1, hereinafter "Opposition" or "Opp'n") does not dispute the essential elements of 15 U.S.C. § 1681s-2(b) upon which his Fair Credit Reporting Act ("FCRA") claim is based. But despite his acknowledgement of the elements, Plaintiff entirely fails to show how the allegations of the Complaint support each of those elements, thus exposing the insufficiency of his FCRA claim.  This failure requires dismissal of the claim.

Plaintiff's Opposition also does not dispute that *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 46-48 (2d Cir. 2011), is controlling case law in this Circuit that expressly held that <u>any</u> state law claims arising out of "allegations of false reporting" – which is the "conduct regulated by" 15 U.S.C. § 1681s-2 – are expressly preempted by 15 U.S.C. § 1681t(b)(1)(F). Further, Plaintiff does not dispute that his state law claims plainly arise out of "allegations of

false reporting"; nor could he. Instead, in a feeble attempt to save his claims, Plaintiff relies on pre-*Macpherson* case law (often from other jurisdictions) for a temporal distinction involving a completely separate and inapplicable preemption statute, 15 U.S.C. § 1681h(e), that the Second Circuit specifically rejected in *Macpherson*.

For the reasons below and for the reasons set forth in Chase Bank, USA, N.A.'s ("Chase") opening Motion to Dismiss (Dkt. 62) and Memorandum of Law in Support (Dkt. No. 63, "Memorandum" or "Mem."), Plaintiff fails to allege any actionable conduct and the statutes he relies upon provide no basis for obtaining relief under the facts presented. As such, Plaintiff's amended complaint against Chase should be dismissed with prejudice.

### A. Count I Fails As a Matter of Law Because It Does Not State a Violation of 15 U.S.C. § 1681s-2(b) of the FCRA

Plaintiff concedes that Count I is brought under 15 U.S.C. § 1681s-2(b). (Opp'n 4-5). Rather than disputing the requirements of that statute in any meaningful way, Plaintiff cites to case law from other jurisdictions paraphrasing those requirements in a general, narrative form. (*Compare* Mem. 4-5 (setting out elements of 15 U.S.C. § 1681s-2(b) claims) *with* Opp'n 4-5 (same, but in narrative form)). Moreover, instead of addressing each of those elements and demonstrating how his allegations line up with them, Plaintiff simply asserts the conclusion that he has stated a claim and never actually identifies the alleged support for any particular element. (*See* Opp'n 5-6). This is insufficient as a matter of law. (Mem. at 3-4; *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Naked assertion[s] devoid of 'further factual enhancement'" do not suffice.)).

In fact, Plaintiff does not and cannot dispute that the bulk of his allegations – Chase's alleged failure (1) to "respond[ ] to Plaintiff's disputes by providing evidence of the alleged

debt" (Am. Compl. (Dkt. No. 51), *hereinafter* "Compl." at ¶ 32); (2) to provide "requested copies of his credit card application" (Compl. ¶ 33); (3) to "provide notice of Plaintiff's dispute to the credit bureaus" (Compl. ¶ 34); (4) to provide to Plaintiff "the results of an investigation" or "statement or explanation of why they did not honor his dispute" (Compl. ¶¶ 31, 35); or (5) to "notif[y] Plaintiff of any determination that Plaintiff's dispute is frivolous within [ ] 5 days" (Compl. ¶ 36) – do not state a claim under § 1681s-2(b) as a matter of law. (*Compare* Mem. 6 *with* Opp'n *generally*). Section 1821s-2(b) simply does not require any of these things. (*See* 15 U.S.C. § 1681s-2(b) (setting out elements of claim); Mem. 4-5 (same); Opp'n 4-5 (same)). Nor does Plaintiff dispute that Plaintiff's remaining few allegations – alleged on "information and belief" only – are nothing more than conclusory allegations repeating Plaintiff's (a) subjective belief that he is not personally liable for the account at issue because Plaintiff opened the account in State Line's name, and (b) general disagreement with the results of Chase's investigation, which determined that the information was being reported correctly and no changes were needed. (*Compare* Mem. 6-7 *with* Opp'n 5).

Indeed, Plaintiff makes no attempt whatsoever to address the various cases holding that Plaintiff's subjective disagreement with the results of Chase's investigation does not mean that Chase violated § 1681s-2(b). (*Compare* Mem. 6-7 (citing cases) *with* Opp'n generally). Instead, Plaintiff asserts in a footnote only that he has sufficiently alleged the "alleged mental state" of "willfully or negligently" because he alleges that "Chase persisted in reporting that Plaintiff is personally liable . . . notwithstanding . . . [his] protestations to the contrary." (Opp'n 5 n.2). But even if this were not itself also a conclusory assertion (which it is), such a "state of mind" is not an element of a Section 1681s-2(b) claim in any event. (*See* 15 U.S.C. § 1681s-2(b); Mem. 5-6;

3

Opp'n 4-5 (citing case law)).[1]  Nor does it change the conclusory nature of the allegations in Plaintiff's Amended Complaint, the fact that such allegations are insufficient as a matter of law, or the case law Chase previously cited but Plaintiff failed to address.  (*See* Mem. 5-7 (citing 15 U.S.C. § 1681s-2(b) and case law)).

Because Plaintiff fails to allege any factual allegations to support the elements of his conclusory claim against Chase for a violation of 15 U.S.C. § 1681s-2(b), Count I should be dismissed.

### B. Counts V (Defamation of Credit) and VII (Connecticut Unfair Trade Practices Act) Fail As a Matter of Law Because They Are Preempted by the FCRA

Plaintiff's first assertion – that his state law claims are somehow saved because pleading in the alternative is permitted under the Federal Rules of Civil Procedure (Opp'n 6) – is a non-sequitur.  Plaintiff plainly did not plead any of his state law claims in the alternative and obviously cannot benefit from a pleading technique he did not use.

Plaintiff's second contention – that FCRA would not apply if "the debt at issue is not consumer debt" but rather "business debt erroneously reported on Plaintiff's credit report" (Opp'n 6) – also makes no sense.  For purposes of FCRA, it does not matter whether the debt being reported on Plaintiff's credit report is business debt or not.  Rather, Plaintiff is an individual. (Compl. ¶ 1 ("At all times relevant hereto, Plaintiff was an individual.")).  Therefore, he is a consumer, and the FCRA applies to him. 15 U.S.C. § 1681a(c) ("The term 'consumer' means an individual.").  That the *debt* could possibly be "business debt" does not somehow transmogrify *Plaintiff* into a non-consumer.[2]  Instead, Plaintiff's ability to correct a purportedly

---

[1] As explained in Part B, *infra*, the concept of "willfully or negligently" is a red herring that arises in the context of preemption only.

[2] Plaintiff may be confusing the FCRA for the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA does not apply to business debts.  *See, e.g.*, 15 U.S.C. § 1692a(5) (defining "debt" as "any obligation or alleged obligation . . . to pay money arising out of a transaction in which

4

inaccurate item on his credit report is governed by the FCRA, and not the common law claims he has asserted in the Amended Complaint.

However, Plaintiff's principal arguments regarding preemption – based on arguments specifically rejected by the Second Circuit approximately three years ago (Opp'n 7-9) – make even less sense.  Indeed, while Plaintiff ostensibly acknowledges the importance of *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 46-48 (2d Cir. 2011), as binding case law in this jurisdiction (*see* Opp'n 7 nn. 4-5), Plaintiff must not have actually read that case.  In *Macpherson*, as here, the plaintiff alleged that "Chase willfully and maliciously provided false information about his finances to . . . a consumer reporting agency." 655 F.3d at 46.  As here, in addition to asserting a claim for violation of 15 U.S.C. § 1681s-2(b), Macpherson also "sued [under] . . . . Connecticut [law] for this alleged conduct, asserting state common law claims against Chase for defamation and intentional infliction of emotional distress."  *Id.*  "The sole issue on appeal [was] whether FCRA preempts Macpherson's state law claims" in light of "§ 1681t(b)(1)(F) of FCRA" – the same statute upon which Chase relies here. *Id.* at 47; Mem. 8; Opp'n 6 n. 3 ("Chase's argument is premised on 15 U.S.C. § 1681t(b)(1)(F).").

As the Second Circuit noted, § 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State – (1) with respect to any subject matter regulated under – . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." *Macpherson*, 665 F.3d at 47 (quoting 15 U.S.C. § 1681t(b)(1)(F)).  Thus, the Second Circuit held that because Macpherson's "allegations of false reporting concern conduct regulated by § 1681s-2 . . . § 1681t(b)(1)(F) bars Macpherson's state law tort claims."  *Id.*  Given that Plaintiff's state law claims here clearly also

---

the money, property, insurance or services which are the subject of the transaction *are primarily for personal, family, or household purposes*" (emphasis added)).

arise out of "allegations of false reporting" – and such allegations plainly "concern conduct regulated by § 1681s-2" – Plaintiff's state law claims are likewise barred. In fact, Plaintiff admits that *Macpherson* "held that 15 U.S.C. § 1681t(b)(1)(F) imposes an absolute bar against any state-law claims regarding conduct regulated under 15 U.S.C. § 1681s-2, whether the claims rests [sic] on state common law or on a state statutory scheme." (Opp'n 7 n.4).

Nonetheless, Plaintiff strangely asserts that Section 1681t(b)(1)(F) "is not dispositive of Counts Five and Seven" (Opp'n 7 n.4) because Plaintiff's common law claims "do not concern conduct regulated under § 1681s-2" (Opp'n 7) even though those claims are admittedly based on alleged "inaccuracies in Plaintiff's credit report." (*Id.*) Even setting aside for a moment the logical and substantive inconsistencies in Plaintiff's assertion that his state law claims based on alleged "inaccuracies in Plaintiff's credit report" are somehow <u>not</u> based on "allegations of false reporting [which] concern conduct regulated by § 1681s-2," Plaintiff purports to make a temporal distinction, separating "pre-notification" reporting from "post-notification" reporting. (Opp'n 7-8). That is, Plaintiff asserts that "preemption of state law claims arising before the furnisher of information receives notice of the dispute is governed by § 1681h(e) and preemption of state law claims arising after such a time is governed by § 1681t(b)(1)(F)." (Opp'n 7 (quoting *Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864, 869 (M.D. La. 2003)); Opp'n 8 (citing *Ryder v. Wash. Mut. Bank, F.A.*, 371 F. Supp. 2d 152, 154-55 (D. Conn. 2005), which pre-dates *Macpherson* by six years).

But *Macpherson* expressly rejected just such a distinction, holding that § 1681t(b)(1)(F) preempts a broader class of claims than § 1681h(e) and therefore encompasses <u>any</u> claim based on "allegations of false reporting" because they "concern conduct regulated by § 1681s-2":

> Chase contends, and the district court held, that Macpherson's [state law] claims are preempted by § 1681t(b)(1)(F) of FCRA. This section [is] a general

6

preemption provision enacted in 1996 – over twenty years after FCRA first took effect . . . .

Macpherson contends, however, that his [state law] claims survive the 1996 preemption provision by virtue of another section of the statute, § 1681h(e). Enacted in 1970 as a part of the original legislation, § 1681h(e) provides, as relevant here:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, . . . *except as to false information furnished with malice or willful intent to injure such consumer.*

. . . . Macpherson's basic premise is false: the 1996 provision, § 1681t(b)(1)(F), is not in conflict with § 1681h(e), and § 1681h(e) does not insulate state tort actions from preemption. As the Seventh Circuit recently explained in *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011), "[s]ection 1681h(e) preempts *some* state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) [simply] preempts *more* of these claims." *Id.* at 625 (emphasis supplied). Put differently, the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption. As the *Purcell* court persuasively reasoned:

> Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by an extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Macpherson*, 665 F.3d at 47-48 (emphases in original).

In light of *Macpherson*'s clear holding that "Section 1681h(e) does not create a right to recover," that § 1681t(b)(1)(F) preempts a broader class of state law claims than § 1681h(e), and that "§ 1681h(e) does not insulate state tort actions from preemption" under § 1681t(b)(1)(F),

*Macpherson*, 665 F.3d at 48 (quoting *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011)), Plaintiff's purported "§ 1681h(e) vs. § 1681t(b)(1)(F)" distinction (Opp'n 7-9) cannot save Plaintiff's state law claims – regardless of whether he has sufficiently alleged the required "malice or willful intent to injure" to avoid preemption under § 1681h(e) (which he did not in any event). (*See* Opp'n 7-9 (citing pre-*Macpherson* case law and case law from other jurisdictions)); Mem. 6-7 (Plaintiff's conclusory allegations are insufficient as a matter of law; *id.* at 8 (Plaintiff's state law claims are preempted as a matter of law)).[3]

Because Plaintiff's Counts V and VII are each indisputably preempted as a matter of law, Plaintiff's Counts V and VII fail as a matter of law and must be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in its Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 62) and opening Memorandum in support thereof (Dkt. 63), Chase Bank USA, N.A. respectfully requests that this Court grant its Motion to Dismiss in its entirety. Because Plaintiff has already had an opportunity to amend his claims and failed to correct their deficiencies, Plaintiff's claims against Chase should be dismissed with prejudice.

---

[3] In any event, contrary to Plaintiff's implication, § 1681h(e) does not apply only to "claims based upon 'disclosures made directly to a consumer.'" (Opp'n 8). *See* 15 U.S.C. § 1681h(e) ("[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, *or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action*, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." (emphasis added)).

Dated: December 31, 2014　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Toby S. Soli
　　　　　　　　　　　　　　　　　　　　　　Toby S. Soli
　　　　　　　　　　　　　　　　　　　　　　Greenberg Traurig, LLP
　　　　　　　　　　　　　　　　　　　　　　445 Hamilton Avenue
　　　　　　　　　　　　　　　　　　　　　　White Plains, NY 10601
　　　　　　　　　　　　　　　　　　　　　　Telephone: 914 286 2900
　　　　　　　　　　　　　　　　　　　　　　Facsimile: 914 286 2990
　　　　　　　　　　　　　　　　　　　　　　*solit@gtlaw.com*

　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*
　　　　　　　　　　　　　　　　　　　　　　*Chase Bank USA, N.A.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 31, 2014, I caused to be electronically filed the foregoing CHASE BANK USA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Dated: December 31, 2014                                  */s/* Toby S. Soli
                                                                                               Toby S. Soli
                                                                                               Greenberg Traurig, LLP
                                                                                               445 Hamilton Avenue
                                                                                               White Plains, NY 10601
                                                                                               Tel: 914 286 2900  Fax: 914 286 2990
                                                                                               *solit@gtlaw.com*
                                                                                               *Attorney for Defendant Chase Bank USA, N.A.*