UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN YOLDA,<br>        *Plaintiff*,<br>        *v.*<br>BANK OF AMERICA, N.A. &<br>CHASE BANK USA, N.A.,<br>        *Defendants*.[1] | Civil No. 3:14cv788 (JBA)<br><br>July 13, 2015 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Defendant Chase Bank USA, N.A. ("Chase") moves [Doc. # 62] to dismiss Plaintiff John Yolda's Amended Complaint [Doc. # 51] alleging a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count One); defamation of credit (Count Five); and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b *et seq.* (Count Seven). For the reasons that follow, Defendant's motion is denied as to Count One and granted as to Counts Five and Seven.

I.      **Facts Alleged**

The Amended Complaint alleges that Mr. Yolda "was the member and operator of" State Line Transport, LLC ("State Line"), a limited liability company, until April 2013 during which time a representative from Defendant Chase called him to solicit State Line to open a credit card business account. (Am. Compl. ¶¶ 12, 31.) On behalf of State Line, Plaintiff "applied for [a] credit card[] from [Defendant] *solely* in the name of State Line . .

---

[1] The Clerk is requested to amend the caption as shown above to reflect the dismissal of Defendants CitiBank, Discover, Transunion, Experian and Equifax. (*See* Note 2 *infra*.)

. [and] did *not* apply for the credit cards in his personal name or using his social security number." (*Id.* ¶ 31 (emphasis in original).) In connection with this application, Mr. Yolda provided State Line's employer identification number rather than his social security number and specified to the representative from Chase that he would not personally guarantee the line of credit. (*Id.* ¶¶ 15, 19, 33.)

State Line made every payment on the credit card until April 2013 when it ceased operations and was unable to continue payments. When the account defaulted, Chase reported to the three major credit bureaus (also known as "credit reporting agencies"), Transunion, Experian and Equifax, "that Yolda had *personally* defaulted on payments, which was untrue." (*Id.* ¶ 20.) Mr. Yolda disputed this report with Chase both directly and through the credit agencies and demanded that it correct its "improper and erroneous negative credit reports," but Chase refused to do so. (*Id.* ¶¶ 25, 29–30.) Because Plaintiff alleges that he was not personally liable and Chase refused to correct its report to reflect this fact, Plaintiff alleges "[u]pon information and belief" that Chase must have failed to properly investigate his dispute, as it was required to do under the FCRA. (*Id.* ¶¶ 20, 31.) Plaintiff claims that as a result of Chase's negligent or willful conduct, his

personal credit and ability to borrow have been damaged, resulting in monetary loss and emotional distress. (*Id.* ¶¶ 23, 38.)[2]

## II.   Discussion[3]

Defendant contends that Plaintiff has failed to allege that it breached any of its statutory obligations under the FCRA and that the state law claims are preempted by the FCRA.

### A.   The Fair Credit Reporting Act

Under the FCRA, when a "furnisher[] of information" to a consumer credit reporting agency receives notice from a credit reporting agency that a consumer has disputed the accuracy of such information, the furnisher must:

> (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting

---

[2] The Amended Complaint asserts claims against Chase for violations of the FCRA, 15 U.S.C. § 1681s–2(b) (Count One); defamation of credit (Count Five); and a violation of CUTPA (Count Seven). Mr. Yolda asserted identical claims against Discover Bank, Bank of America, and CitiBank for issuing State Line credit cards and then reporting its unpaid debts as Mr. Yolda's personal obligations. Bank of America has not moved to dismiss the complaint and Plaintiff has stipulated to the dismissal of his claims against CitiBank and Discover as well as the credit bureaus Transunion, Experian and Equifax. (*See* Doc. ## 58, 66, 70, 74, 84.)

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Detailed allegations are not required but a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (alterations in original).

agency . . .; (C) report the results of the investigation to the consumer reporting agency; (D) if the investigation finds that the information is incomplete or inaccurate, report those results to . . . [the] consumer reporting agencies; and (E) if an item of information disputed . . . is found to be inaccurate or incomplete . . . [the furnisher must] modify . . . delete . . . or permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

This investigation must be performed by a credit furnisher within 30 days after a credit reporting agency receives a notice of a disputed credit report from a consumer. *Id.* §§ 1681s-2(b)(2), 1681i(a)(1). The FCRA provides a private right of action against credit furnishers only if they willfully or negligently violate § 1681s-2(b). *See* 15 U.S.C. § 1681s-2(c).[4]

While the Second Circuit has not yet defined the extent to which a furnisher is obligated to investigate a consumer dispute in order to avoid liability under § 1681s-2(b), courts within and outside of this Circuit have consistently applied a reasonableness standard for judging the adequacy of the investigation under the circumstances. *See Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 & n.11 (S.D.N.Y. 2010)

---

[4] The Amended Complaint also alleges that Chase failed to (1) "respond[] to Plaintiff's disputes by providing evidence of the alleged debt" (Am. Compl. ¶ 32); (2) provide "requested copies of his credit card application" (*id.*. ¶ 33); (3) to "provide notice of Plaintiff's dispute to the credit bureaus" (*id.*. ¶ 34); (4) provide to Plaintiff "the results of an investigation" or "statement or explanation of why they did not honor his dispute" (*id.*. ¶¶ 31, 35); and (5) "notif[y] Plaintiff of any determination that Plaintiff's dispute is frivolous within . . . 5 days" (*id.* ¶ 36). At oral argument, Plaintiff acknowledged that he could only assert a claim against Chase under the FCRA for an inadequate investigation and explained that these other assertions were intended to provide factual detail to support an inference that Chase's investigation was unreasonable. (*See also* Pl.'s Opp'n [Doc. # 64] at 4–5 (contending only that the FCRA required Defendant to undertake an adequate investigation).)

(collecting cases); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 430–31 & n.2 (4th Cir. 2004) ("It would make little sense to conclude that, in creating a system intended to give consumers a means to dispute—and, ultimately, correct—inaccurate information on their credit reports, Congress used the term 'investigation' to include superficial, *un*reasonable inquiries by creditors. We therefore hold that § 1681s–2(b)(1) requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified." (internal citations omitted)).

Defendant maintains that Plaintiff has failed to allege a violation of the FCRA because the statute only required Chase to investigate Plaintiff's dispute regarding his credit report and Plaintiff has not alleged facts to support his allegation that "[u]pon information and belief" it failed to do so reasonably. (Def. Mem. Supp. [Doc. # 63] at 6.) Rather, Defendant maintains that Plaintiff has pled "nothing more than conclusory allegations [of] Plaintiff's (a) subjective belief that he is not personally liable for the Account because Plaintiff opened the account in State Line's name, and (b) general disagreement with the results of Chase's investigation, which determined that the information was being reported correctly and no changes were needed." (*Id.*)

Notwithstanding Defendant's characterization, the Amended Complaint contains sufficient factual detail to support a plausible inference that Chase's investigation of Mr. Yolda's dispute was unreasonable. It alleges that Plaintiff "was not personally liable for the debts incurred on" on State Line's credit card with Chase (Am. Compl. ¶ 19) because, when he applied for the card, Mr. Yolda "specifically informed the solicitors that he was not interested in obtaining a credit card that he would have to personally guarantee" (*id.*

¶ 31) and applied for the card "solely in the name of State Line" using its employer identification number rather than his own social security number (*id.* ¶¶ 14–15). Accepting these allegations as true and drawing all reasonable inferences in Plaintiff's favor—as the Court must on a motion to dismiss—it is reasonably inferable that Chase "failed to properly investigate Yolda's disputes concerning his personal liability for the alleged debts" (*id.* ¶ 31) because, if it had done so, it would not "have refused to correct [its] improper and erroneous negative credit report[]" (*id.* ¶ 25).[5] Therefore, Defendant's motion is denied as to Count One.

### B.    Preemption under the FCRA (Counts Five and Seven)

Defendant next contends that Plaintiff's remaining state law claims are preempted by the FCRA, which provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). This

---

[5] At oral argument, Defendant maintained that after Plaintiff initiated this action, it provided him with a copy of the credit card agreement that it maintains shows that Mr. Yolda is in fact personally liable on State Line's account and as a result Plaintiff dropped claims against it under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, for its attempt to collect the debt from Mr. Yolda (Compl. [Doc. # 1] ¶ 43), leaving only a claim that Chase reported false information to the credit bureaus (Am. Compl. ¶ 20) and failed to conduct an adequate investigation after Plaintiff disputed this information (*id.* ¶ 31). While the Court could consider documents attached to a complaint on a motion to dismiss under Rule 12(b)(6), *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); Fed. R. Civ. P. 10(c), and would not accept as true allegations of the complaint that were contradicted by such documents, *see Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir. 1981), neither party has attached the credit agreement and thus the Court can only consider, and must accept as true, the Amended Complaint's allegations of the agreement's terms and verbal representations regarding Plaintiff's personal liability.

preemption provision applies to both state statutory and common law. *See Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106 (2d Cir. 2009) ("Plaintiff's distinction between statutory and common-law claims under this section of the FCRA's express preemption provision is . . . unpersuasive.").

Plaintiff maintains that his state law claims are not preempted because they "do not concern conduct regulated under § 1681s-2." (Pl.'s Opp'n [Doc. # 64-1] at 7.) He reasons that the preemption provision creates a "temporal" distinction, because, as discussed above, § 1681s-2(b) imposes an obligation on a furnisher of information to conduct an investigation only *after* it is notified by a credit agency of a consumer dispute. Thus, Plaintiff reasons, there is "no preemption under § 1681t(b)(1)(F)[] until *after* the furnisher of information to a credit reporting agency has received notice of an inaccuracy contained in a credit report." (Pl's Opp'n at 7 (emphasis in original).)

Plaintiff's interpretation is inconsistent with the statutory text, which does not limit preemption to claims under § 1681s-2(b), but rather is a "broadly-sweeping preemption" provision, *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011), that refers to the "subject matter regulated," 15 U.S.C. § 1681t(b)(1)(F).

Plaintiff's argument thus fails to account for § 1681s-2(a), which applies *before* a furnisher has received notice from a credit bureau of a consumer dispute and provides that the furnisher "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). While there is no private

right of action under this provision, *see* 15 U.S.C. § 1681s-2(c)(1),[6] the statutory text does not make preemption dependent upon the enforcement mechanism but rather whether the claims falls within the "subject matter regulated under . . . section 1681s–2," 15 U.S.C. § 1681t(b)(1)(F).

In *Macpherson*, the Second Circuit held that § 1681t(b)(1)(F) preempted state common law claims for defamation and intentional infliction of emotional distress where the plaintiff alleged that "Chase willfully and maliciously provided false information about [the plaintiff's] finances to Equifax, a consumer credit reporting agency," which "reduced his credit score, to his detriment." 665 F.3d at 46. Such claims thus related to inaccurate reporting of information to a credit agency, which is within the ambit of § 1681s-2(a). *Id.*; *Macpherson v. JP Morgan Chase Bank, N.A.*, No. 3:09CV1774 (AWT), 2010 WL 3081278, at *4 & n.5–6 (D. Conn. Aug. 5, 2010). Therefore the plain text of § 1681t(b)(1)(F) and the Second Circuit's holding in *Macpherson* foreclose Plaintiff's attempt to limit the preemptive scope of the FCRA to conduct prohibited by § 1681s–2(b). *See also Claude v. Wells Fargo Home Mortgage*, No. 3:13-CV-00535 VLB, 2014 WL 4073215, at *8 (D. Conn. Aug. 14, 2014) ("[T]he Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F), contains an 'absolute immunity provision' that bars and preempts state law claims against 'furnishers of information' like Wells Fargo for allegedly providing

---

[6] Enforcement of § 1681s-2(a) is limited to federal and state agencies. *See* 15 U.S.C. § 1681s-2(d); *see also Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847 (ERK), 2005 WL 1153623, at *4 (E.D.N.Y. May 16, 2005).

inaccurate information to consumer credit reporting agencies.").[7] Therefore, Counts Five and Seven are preempted and must be dismissed.

## III.    Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss [Doc # 62] is DENIED as to Count One, and GRANTED as to Counts Five and Seven.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of July, 2015.

---

[7] In support of the temporal approach, Plaintiff cites *Ryder v. Washington Mut. Bank, FA,* 371 F. Supp. 2d 152 (D. Conn. 2005), a pre-*Macpherson* case. While Plaintiff contends that *Ryder's* "approach is not inconsistent with the Second Circuit's decision in *Macpherson*" (Pl.'s Opp'n at 7 n.5), *Ryder* reasoned that to read § 1681t(b)(1)(F) as imposing total preemption would improperly render "superfluous" an earlier-enacted preemption provision, § 1681h(e), applying to "defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer . . . except as to false information furnished with malice or willful intent to injure such consumer," 371 F. Supp. 2d at 154. The Second Circuit rejected this logic in *Macpherson*, holding that the two preemption provisions were "not in conflict" because "the operative language in § 1681h(e) provides only that the provision does not preempt a certain narrow class of state law claims; it does not prevent the later-enacted § 1681t(b)(1)(F) from accomplishing a more broadly-sweeping preemption." 665 F.3d at 48.